## MANDATORY REQUIREMENTS FOR INITIAL STATUS CONFERENCE

Counsel for all parties are directed to appear before the Honorable Brian M. Cogan for an initial case management conference in accordance with Fed. R. Civ. P. 16 on the date and time set forth in the ECF notice in Chambers 704S at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. Principal trial counsel must appear at this and all subsequent conferences.

**Plaintiff(s) counsel (is) (are) directed to notify all attorneys in this action of the conference schedule in writing.**

In cases where Fed. R. Civ. P. 26(f) applies, counsel for the parties shall confer in compliance therewith at least twenty-one (21) days prior to the scheduled conference to agree upon a proposed discovery plan.

**Counsel are directed to submit a joint letter to Chambers five days prior to the conference** with a brief description of the case, including factual, jurisdictional, and legal basis for the claim(s) and defense(s); and addressing any contemplated motions.

**Counsel are directed to bring to the conference a completed Case Management Plan using the attached form.**

Based on the complaint in this action, the Court has preliminarily classified this case as non-complex and expects a Case Management Plan to provide for a maximum of 90 days from the Initial Status Conference for completion of fact discovery. The parties may provide for a longer period in their Case Management Plan and shall address the need for such longer period at the Conference.

Counsel are directed to review Judge Cogan's Individual Practices, which may be obtained on the Court's website at https://www.nyed.uscourts.gov/content/judge-brian-m-cogan. Requests for adjournment of the conference will be considered only if made in writing and otherwise in accordance with Judge Cogan's rules.

**Forms of Consent and Release**

Plaintiff(s) counsel is directed to serve defendant The City of New York, together with the summons and complaint, completed and executed originals of the forms of release and consent annexed hereto.

**Consent to Trial Before Magistrate Judge.**

If **ALL** parties consent to trial before a Magistrate Judge (with or without a jury), they may execute and file by ECF the consent form at least 72 hours before the Initial Status Conference. Upon filing of such form, the Initial Status Conference will be cancelled and the case referred to the Magistrate Judge, and the parties shall not file a Case Management Plan unless directed by the Magistrate Judge. *Failure to return the executed Magistrate Judge consent form* **prior to the Initial Status Conference before Judge Cogan** *shall constitute a waiver of the parties' opportunity to proceed before a Magistrate Judge.*

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   [PLAINTIFF]                                              :
                                                            :
                                                            :   CIVIL CASE MANAGEMENT PLAN
                                    Plaintiff,              :
                  - against -                               :   CV-__-____ (BMC)
                                                            :
   [DEFENDANT]                                              :
                                                            :
                                    Defendant.              :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge

   After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**   The case  (is)   (is not)  to be tried to a jury. [Circle as appropriate].

**B.**   Non-Expert Discovery:

   1.   The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by _____, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

   The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

   2.   Joinder of additional parties must be accomplished by _____.

    3. Amended pleadings may be filed without leave of the Court until _____.

**C.** For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.** Motions:

    1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

    2. The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be _____. (Counsel shall insert a date one week after the completion date for non-expert discovery.)

        a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

        b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.** Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.** Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

_____

Dated: Brooklyn, New York                                            U.S.D.J.
\_\_\_\_\_ \_\_, 20\_\_

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

**1.       PLAINTIFF'S CLAIMS:**

**2.       COUNTERCLAIMS AND CROSS-CLAIMS:**

**3.       THIRD-PARTY CLAIMS:**

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, _____, Date of Birth ___/___/___ SS# _____-_____ pursuant to CPL § 160.50[1][d], hereby designate _____, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled <u>People of the State of New York v.</u> _____, Docket No. or Indictment No. _____, in _____ Court, County of _____, State of New York, relating to my arrest on or **about** _____, **may be made available.**

        I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

        I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

        The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

_____

STATE OF NEW YORK )
                            : SS.:
COUNTY OF          )

On this _____ day of _____, 20___, before me personally came _____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

                                              Plaintiff,        **AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

            -against-

The City of New York, et al.,                                    (BMC)

                                          Defendants.

----------------------------------------------------------------x

TO: _____
       NAME AND ADDRESS OF MEDICAL PROVIDER

        I authorize the use and disclosure of _____ health information as described below.

        **YOU ARE HEREBY AUTHORIZED** to furnish to _____, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of the entire medical or hospital record of _____ (Date of Birth: _____; SS #: _____) **who was examined or treated in your hospital or by you on or about** _____.

        The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

        I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse.

        This information may be disclosed to and used by the following organization:
The Office of the Corporation Counsel
100 Church Street
New York, NY 10007
for the purpose of defense of civil litigation

        I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition:_____. If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

I understand that authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated:   New York, New York
         _____, 20

_____

STATE OF NEW YORK        )
                         : SS:
COUNTY OF _____  )

On the \_\_\_\_\_ day of _____, 20   , before me personally came and appeared _____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC



**NYCHHC HIPAA Authorization to Disclose Health Information**

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION | SPECIFIC INFORMATION TO BE RELEASED: |
|---|---|
| | Information Requested_____ |
| | Treatment Dates from _____ to _____ |

| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO WILL BE SENT | INFORMATION TO BE RELEASED (if the box is checked, you are authorizing the release of that type of information) Please note: unless all of the boxes are checked, we may be unable to process your request. |
|---|---|
| | ☐ Alcohol and/or Substance Abuse Program Information    ☐ Mental Health Information |
| | ☐ Genetic Testing Information    ☐ HIV/AIDS-related Information |
| REASON FOR RELEASE OF INFORMATION | WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one) |
| ☐ Legal Matter    ☐ Individual's Request | |
| ☐ Other (please specify):_____ | ☐ Event:_____    ☐ On this date_____ |

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL or SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| DATE | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received | Initials of HIM employee processing request |
| Date Completed | Comments |

NYCHHC HIPAA Authorization 2413. Revised 06-05



**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
(This form has been approved by the New York State Department of Health)

OCA Official Form No.: 960

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patient Address | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a) Specific information to be released
- ☐ Medical Record from (insert date) _____ to (insert date) _____
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers
- ☐ Other: _____

Include: (Indicate by Initialing)
_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
    Initials                                   Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here.

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: <br> ☐ At request of individual <br> ☐ Other | 11. Date or event on which this authorization will expire |
|---|---|
| 12. If not the patient, name of person signing form | 13. Authority to sign on behalf of patient |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____           Date: _____
Signature of patient or representative authorized by law

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

Instructions for the Use
of the HIPAA-compliant Authorization Form to
Release Health Information Needed for Litigation

This form is a product of a collaborative process between New York State Office of Court Administration, representatives of the medical provider community in New York, and the bench and bar, designed to produce a standard official form that complies with the privacy requirements of the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, to be used to authorize the release of health information needed for litigation in New York State courts. It can, however, be used more broadly than this and be used before litigation has been commenced, or whenever counsel would find it useful.

The goal was to produce a standard HIPAA-compliant official form to obviate the current disputes which often take place as to whether health information requests made in the course of litigation meet the requirements of the HIPAA Privacy Rule. It should be noted, though, that the form is optional. This form may be filled out on line and downloaded to be signed by hand, or downloaded and filled out entirely on paper.

When filing out Item 11, which requests the date or event when the authorization will expire, the person filing out the form may designate an event such as "at the conclusion of my court case" or provide a specific date amount of time, such as "3 years from this date".

If a patient seeks to authorize the release of his or her entire medical record, but only from a certain date, the first two boxes in section 9(a) should both be checked, and the relevant date inserted on the first line containing the first box.